IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SMASH PICTURES,

    Plaintiff,

vs.

DOES 1-265,

    Defendants.

CIV. NO. S-12-0301 JAM CKD

ORDER

    Presently before the court is plaintiff's ex parte application for an order shortening time for hearing on a motion to take expedited discovery. Plaintiff has noticed the motion for hearing on April 4, 2012. Having reviewed the papers in support of the application and the motion, the court concludes that oral argument would not be of material assistance, vacates the hearing, and submits the matter on the papers.

BACKGROUND

    In this action, filed February 3, 2012, plaintiff alleges copyright infringement of the motion picture titled Bridesmaids XXX Porn Parody ("Motion Picture") against Does 1-265. In the course of monitoring Internet-based infringement of its copyrighted content, plaintiff's agents allegedly observed unlawful reproduction and distribution of the Motion Picture via the Bit Torrent file transfer protocol by the Doe defendants. Although plaintiff does not know the

1

actual names of the Doe defendants, plaintiff's agents created a log identifying them by their IP addresses and the dates and times of their alleged unlawful activity. The IP addresses, internet service providers ("ISPs"), and dates and times of the alleged unlawful activity by the Doe defendants are identified in Exhibit 4 to plaintiff's Complaint.

According to plaintiff, only the ISPs who issued the IP addresses connected with the unauthorized activity have the ability to identify the Doe defendants. Plaintiff contends the ISPs keep the identifying information for 90 to 180 days. Thus, plaintiff seeks an order granting expedited discovery to serve Rule 45 subpoenas on the ISPs to obtain the names, addresses, telephone numbers, and e-mail addresses of the Doe defendants, thereby permitting plaintiff to amend its complaint to state the true name of each defendant and serve the proper defendants with process.

DISCUSSION

Generally, Rule 26(d) of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or *by court order*." Fed. R. Civ. P. 26(d) (emphasis added). Courts apply a "good cause" standard in considering motions to expedite discovery. Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("Semitool"). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id.

Good cause for expedited discovery is frequently found in cases involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary injunction. Id.; Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liability Co., 204 F.R.D. 675, 676 (D. Colo. 2002). Moreover, several unpublished opinions from federal district courts in California, applying the test in Semitool, found good cause to allow expedited discovery to ascertain the identities of Doe defendants in copyright infringement actions. See e.g. UMG

1  Recordings, Inc. v. Doe, 2008 WL 4104207 (N.D. Cal. Sept. 4, 2008); Arista Records LLC v.
2  Does 1-43, 2007 WL 4538697 (S.D. Cal. Dec. 20, 2007).

3        In Arista Records LLC, the plaintiffs alleged that unidentified defendants had used
4  an online media distribution system to download and distribute plaintiffs' copyrighted works to
5  the public without permission. Arista Records LLC, 2007 WL 4538697, at *1. Because the
6  plaintiffs were only able to identify each defendant by a unique internet protocol address assigned
7  to that defendant, plaintiffs filed an ex parte application seeking leave to serve immediate
8  discovery on a third-party ISP to identify the Doe defendants' true identities. Id. The court
9  found good cause to allow expedited discovery based on the plaintiffs' prima facie showing of
10 infringement, the risk that the ISP would not long preserve the information sought, the narrow
11 tailoring of the requests to the minimum amount of information needed to identify the defendants
12 without prejudicing their rights, and the fact that the expedited discovery would substantially
13 contribute to moving the case forward. Id. The court further noted that, without such discovery,
14 plaintiffs could not identify the Doe defendants and would not be able to pursue their lawsuit to
15 protect their copyrighted works from infringement. Id.

16       Here, plaintiff has similarly demonstrated its need for expedited discovery.
17 Plaintiff obviously cannot conduct a Rule 26(f) conference with unidentified defendants and will
18 need to conduct pre-conference discovery to ascertain the identities of the Doe defendants,
19 amend its complaint, and move the case forward. There does not appear to be any other way for
20 plaintiff to identify the defendants and pursue the lawsuit to protect its copyrighted Motion
21 Picture. Given that plaintiff has identified each potential defendant by the IP address assigned by
22 his or her ISP, it seems likely that the requested discovery will identify the unknown defendants.
23 Furthermore, there is some need for exigency given the risk that the information sought may be
24 inadvertently destroyed by ISPs in the ordinary course of business.

25       The need for expedited discovery must of course be balanced against the prejudice
26 to the responding party. Semitool, 208 F.R.D. at 276. In this case, the responding parties are

various ISPs. It is unclear what prejudice the ISPs would suffer if ordered to produce the information plaintiff requests. Exhibit 4 shows 265 IP addresses to be identified by approximately 20 providers. It would not seem to be excessively burdensome for these ISPs to identify such a limited quantity of IP addresses.

Moreover, there is little risk of prejudice to the Doe defendants. "Expedited discovery may be inappropriate where defendants are required to unwarily incriminate themselves before they have a chance to review the facts of the case and to retain counsel." Pod-Ners, LLC, 204 F.R.D. at 676 (citations omitted). However, the expedited discovery requested here is narrowly tailored and only seeks the minimum amount of information needed to identify the potential defendants—their names, addresses, telephone numbers, and e-mail addresses. Because the proposed discovery relates only to identifying and contact information, and does not seek early admissions, answers to interrogatories, or depositions during which defendants may "unwarily" incriminate themselves, concerns of undue prejudice are not present here.

In sum, good cause exists for expedited discovery in this matter, because plaintiff's need for the discovery outweighs any prejudice to the ISPs or the unidentified potential defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's ex parte application and motion for leave to take expedited discovery (dkt. no. 6) is granted;

2. Plaintiff may immediately serve Rule 45 subpoenas on the ISPs listed in Exhibit 4 to the Complaint to obtain the following information about the subscribers (Doe defendants) corresponding to the IP addresses listed in the exhibit: their *names, addresses, telephone numbers, and e-mail addresses*. Each subpoena shall have a copy of this order attached.

3. The ISPs, in turn, shall serve a copy of the subpoena and a copy of this order upon its relevant subscribers within 30 days from the date of service upon them. The ISPs may

serve the subscribers using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service, or by e-mail notice.

4. The subscribers and the ISPs shall each have 30 days from the respective dates of service upon them to file any motions contesting the subpoena (including a motion to quash or modify the subpoena). If that period elapses without the filing of a contesting motion, the ISPs shall have ten (10) days thereafter to produce the information responsive to the subpoena to plaintiff.

5. The subpoenaed ISPs shall preserve any subpoenaed information pending the production of the information to plaintiff and/or the resolution of any timely-filed motion contesting the subpoena.

6. Any ISP that receives a subpoena pursuant to this order shall confer with plaintiff before assessing any charge in advance of providing the information requested in the subpoena. Any ISP that elects to charge for the costs of production shall provide plaintiff with a billing summary and cost reports.

7. Any information disclosed to plaintiff in response to a Rule 45 subpoena may not be used for any improper purpose and may only be used for protecting plaintiff's rights as set forth in the First Amended Complaint.

Dated: March 7, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
smash301.exp.disc