IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SMASH PICTURES,

    Plaintiff,                                            No. 2:12-cv-301 JAM CKD

    vs.

DOES 1-265,

    Defendants.

_____/

SMASH PICTURES,

    Plaintiff,                                            No. 2:12-cv-302 JAM CKD

    vs.

DOES 1-590,

    Defendants.                                     <u>ORDER AND FINDINGS AND</u>

                                                                   <u>RECOMMENDATIONS</u>

_____/

        In these actions, plaintiff alleges copyright infringement of pornographic motion pictures against Doe defendants. In the course of monitoring Internet-based infringement of its copyrighted content, plaintiff's agents allegedly observed unlawful reproduction and distribution of the subject motion pictures by the Doe defendants via the Bit Torrent file transfer protocol.

1

1 Although plaintiff does not know the actual names of the Doe defendants, plaintiff's agents 2 created a log identifying the Doe defendants by their IP addresses and the dates and times of their 3 alleged unlawful activity. The IP addresses, internet service providers ("ISPs"), and dates and 4 times of the alleged unlawful activity by the Doe defendants are identified in exhibits to 5 plaintiff's complaints.

6 The undersigned granted expedited discovery to serve Rule 45 subpoenas on the 7 ISPs to obtain the names, addresses, telephone numbers, and e-mail addresses of the Doe 8 defendants. Pending before the court are several motions to quash brought by various Doe 9 defendants in each of the actions. In the motions, the Doe defendants have correctly asserted that 10 the mass joinder of unrelated defendants is improper under Federal Rule of Civil Procedure 20. 11 Given the technical complexities of BitTorrent swarm functions, as set forth in plaintiff's 12 supporting affidavits, it appears unlikely that the Doe defendants engaged in any coordinated 13 effort or concerted activity. See, e.g. Boy Racer, Inc. v. Does 1-60, 2001 WL 3652521 (N.D. 14 Cal. Aug. 19, 2011). Under these circumstances, permissive joinder under Federal Rule of Civil 15 Procedure 20(a)(2) is not warranted.

16 Moreover, it appears that venue in this District is inappropriate for several of the 17 Doe defendants. Defendants residing in Oregon and in Santa Clara County, which is part of the 18 Northern District of California, have moved to quash on the basis of improper venue. Plaintiff 19 has made no attempt to establish that venue is proper for the Doe defendants alleged in these 20 actions and improperly invokes the general venue statute, 28 U.S.C. § 1391. However, under the 21 applicable venue statute, 28 U.S.C. § 1400(a), actions relating to copyright may be "instituted in 22 the district in which the defendant or his agent resides." As it is established that venue is 23 improper for some of the Doe defendants and permissive joinder is not appropriate, the court will 24 grant the motions to quash and each action will recommend that all but defendant Doe 1 be 25 dismissed without prejudice under Federal Rule of Civil Procedure 21.

26 \\\\\

Accordingly, IT IS HEREBY ORDERED that:

1. The orders granting leave to take expedited discovery (no. 2:12-cv-301, dkt. no. 7; 2:12-cv-302, dkt. no. 10) are vacated;

2. The motions to quash (no. 2:12-cv-301, dkt. nos. 8, 10, 11, 12, 15, 16; no. 2:12-cv-302, dkt. nos. 11, 12, 16, 17) are granted;

3. Plaintiff shall serve a copy of this order on the ISPs who were served with a subpoena. The ISPs, in turn, shall serve a copy of this order upon its relevant subscribers within 30 days from the date of service upon them. The ISPs may serve the subscribers using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service, or by e-mail notice; and

IT IS HEREBY RECOMMENDED that:

1. Does 2-265 in case no. 2:12-cv-301 JAM CKD and Does 2-590 in case no. 2:12-cv-302 JAM CKD be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 14, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
smash.stn

3